Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50351 | **DATE** | 1/21/2004 |
| **CASE TITLE** | U.S.A., ex rel. Ronald E. Burt vs. Eugene McAdory, Warden | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, Burt's application for a certificate of appealability pursuant to 28 U.S.C. § 2253 is denied in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

*/s/ Philip G. Reinhard*

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JAN 21 2004 | |
| | Notified counsel by telephone. | date docketed | 32 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 1-22-04 | |
| /SEC | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

United States of America ex rel.
RONALD E. BURT (#N-60788),

    Petitioner,

v.

EUGENE McADORY, Warden,
Menard Correctional Center,

    Respondent.

Case No. 02 C 50351

Honorable Philip G. Reinhard

## MEMORANDUM OPINION AND ORDER

  Before the court is habeas petitioner Ronald E. Burt's application for a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). For the following reasons, the court denies Burt's application in its entirety.

## I. BACKGROUND

  On the fourth day of a jury trial in the circuit court, Fifteenth Judicial Circuit, Stephenson County, Illinois, Burt pled guilty to two counts each of first degree murder and armed robbery, in connection with the shooting deaths of H. Steven Roy and Kevin Muto. He was sentenced to death. In October 2002, Burt filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising twelve grounds for relief. On January 11, 2003, former Illinois Governor George Ryan commuted Burt's death sentence to natural life in prison without the possibility of parole. In this court's memorandum opinion and order denying Burt's request for habeas relief, some of Burt's habeas claims were deemed moot due to the commutation of his death sentence, while the

remainder were either procedurally defaulted or without merit. *See* Memorandum Opinion and Order, December 16, 2003.

## II. STANDARD

Under 28 U.S.C. § 2253, a habeas petitioner does not have an "absolute entitlement" to appeal a district court's denial of his petition; rather, he must first request a certificate of appealability ("CA"). *See Miller-El v. Cockrell*, 123 S.Ct. 1029, 1039 (2003). With respect to claims of constitutional violations denied on their merits, a habeas petitioner is entitled to a CA only if he can make a substantial showing of the denial of a constitutional right. *See id.* Under this standard, Burt must demonstrate that reasonable jurists would find this court's assessment of his habeas claims debatable or wrong. *See id.* at 1039 ("We look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (adopting "substantial showing" standard from *Barefoot v. Estelle*, 463 U.S. 880 (1983)). As to his procedurally defaulted claims, Burt must (1) demonstrate that reasonable jurists would find it debatable whether this court was correct in its procedural ruling; and (2) make a substantial showing of the denial of a constitutional right. *See Slack*, 529 U.S. at 484.

## III. DISCUSSION

Burt requests that this court issue a CA with respect to five of his habeas claims. These claims include three claims related to the absence of a hearing to determine Burt's competency to stand trial and two claims pertaining to alleged constitutional violations by the Illinois Supreme Court on post-conviction review. The court adheres to its reasoning set forth in the order denying Burt's habeas petition, but will nevertheless briefly address each issue.

2

### A. Due Process Claim Based on Circuit Court's Failure to Hold Competency Hearing

Burt contends that this court erred in concluding that his due process claim was without merit. This court concluded that his claim was not cognizable, as any alleged errors by the state court involved only state law and did not rise to the level of federal constitutional violations. To meet the requirement under 28 U.S.C. § 2253 for this claim, Burt must make a substantial showing of the denial of a constitutional right, by demonstrating that reasonable jurists would find this court's assessment of this habeas claim debatable or wrong. *See Miller-El*, 123 S.Ct at 1039. Burt has not made such a showing.

### B. Ineffective Assistance of Counsel and Due Process Claim Based on Counsel's Failure to Request Competency Hearing

Burt argues that this court's denial of his due process and ineffective assistance of counsel claim is incorrect because the court improperly concluded that Burt had not demonstrated that the Illinois Supreme Court's opinion with respect to this issue was objectively unreasonable. Burt also claims that the court did not review this argument on the merits. The court did conduct a merits review of this claim with deference to the decision of the Illinois Supreme Court, as required by the AEDPA. *See McFowler v. Jaimet*, 349 F.3d 436, 455 (7th Cir. 2003) ("the AEDPA demands that we give appropriate deference to the decisionmaking authority of the state courts."). Burt has not shown that the Illinois Supreme Court violated *Strickland v. Washington*, 466 U.S. 668 (1984) or *Pate v. Robinson*, 383 U.S. 375 (1966); thus, he cannot demonstrate that reasonable jurists would find this court's assessment of his ineffective assistance of counsel claim debatable or wrong. The court is also not persuaded by Burt's argument that the issue is debatable among jurists because two Illinois Supreme Court justices

3

dissented in his direct appeal. The issue is not whether state court judges disagreed on the merits, but whether reasonable jurists would debate whether the state court's adjudication was contrary to, or involved an unreasonable application of, federal law or was based on an unreasonable determination of the facts in light of the evidence.

### C. Due Process Claim Based on Lack of Fitness Hearing when Circuit Court Knew of Bona Fide Doubt of Burt's Fitness for Trial

Burt asserts that this court should have conducted a hearing regarding Burt's fitness to stand trial, based on evidence known to it which created a bona fide doubt of his competency for trial. This claim is very similar to Burt's argument in Part III.A of this order. As this court determined in its order dismissing Burt's habeas petition, the Illinois Supreme Court's decision on this issue was not an unreasonable application of U.S. Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1); *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 1174 (2003) (unreasonable application means more than incorrect or erroneous). Burt has failed to demonstrate that this determination is debatable among reasonable jurists.

### D. Consolidated Arguments Based on Illinois Supreme Court's Alleged Violation of Due Process, Equal Protection and *Ex Post Facto* clauses

Finally, Burt seeks a CA for his claims based on due process, equal protection and *ex post facto* violations, stemming from the Illinois Supreme Court's decision on post-conviction review, in which the state court allegedly applied incorrect state law to Burt's case. Burt contends that this court erred by not only finding these claims procedurally defaulted but also by determining that the claims alleged only non-cognizable state law errors.

Burt asserts that procedural default does not apply, as these claims arose only as a result of the Illinois Supreme Court's decision on post-conviction review. Burt was aware of the

4

relevant changes in the law prior to the filing of his reply brief in the post-conviction review and could have raised his arguments at that time. Furthermore, errors that may have been committed by the state court in his case, if any, do not constitute federal constitutional violations. *See Estelle v McGuire*, 502 U.S. 62, 67-68 (1991); *Dellinger v. Bowen*, 301 F.3d 758, 764 (2002). Burt has not demonstrated a substantial showing of the denial of a constitutional right, and has not demonstrated that reasonable jurists would find it debatable whether this court was correct in the procedural portion of its ruling. *See Slack*, 529 U.S. at 484.

## CONCLUSION

For the foregoing reasons, Burt's application for a certificate of appealability pursuant to 28 U.S.C. § 2253 is denied in its entirety.

E N T E R:

*[signature]*
PHILIP G. REINHARD, JUDGE
UNITED STATES DISTRICT COURT

DATED: 1-21-2004